UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA v. DOMINIC BONANZA         5:07-CR-153
_____

# **ORDER**

This defendant was originally charged in count six of a superceding indictment, filed on June 13, 2007. (Dkt. No. 25). Defendant Bonanza and other defendants were charged with conspiracy to threaten to commit a crime of violence in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(4). On June 22, 2007, defendant appeared for arraignment before United State Magistrate Judge David E. Peebles. The Government moved for detention, and Magistrate Judge Peebles held a detention hearing on June 25, 2007. After hearing the evidence proffered by the Government and the defendant, together with a recommendation by Pre-trial Services, Judge Peebles released defendant Bonanza on conditions.

On December 12, 2007, the Government filed a second superceding indictment against defendants Bonanza and David Lust. (Dkt. No. 97). In addition to the original charge, the second superceding indictment charges that both defendants committed another overt act on February 11, 2007, in furtherance of the original conspiracy. The second superceding indictment also adds a charge of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) against co-defendant Lust. The additional charge against defendant Bonanza alleges that he aided and abetted co-defendant Lust in threatening and committing an assault in aid of racketeering.

Both defendants appeared before this court for arraignment on December 14, 2007, and the Government moved for pre-trial detention. I held a detention hearing on the same day. The Government filed a similar memorandum in support of their motion for detention as filed before Magistrate Judge Peebles. (Dkt. No. 94). After the hearing, this court afforded both sides the opportunity to file additional argument in support of their positions. On December 17, 2007, additional memoranda were filed by the two defendants. The Government filed an additional affidavit by Special Agent DeSantis of the Federal Bureau of Investigation.

## DISCUSSION

The Government has again moved for detention of defendant Bonanza based upon the addition of another crime of violence in the second superceding indictment. Government counsel argues that this defendant is a danger to the community. The Government does not appear to claim that this defendant is a risk of flight. Upon a defendant's appearance before a judicial officer, that officer must consider whether and, if so, under what conditions to release that individual pending trial. 18 U.S.C. § 3142(a). Under certain circumstances, counsel for the Government may move for the detention of the defendant. 18 U.S.C. §§ 3142(f)(1) & (f)(2).

Two of the circumstances in which Government counsel may move for detention are (1) if the case involves a crime of violence or (2) if the case involves an offense for which a maximum term of imprisonment of ten years or more is prescribed

in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. 18 U.S.C. §§ 3142(f)(1)(A) & (f)(1)(C). The Government may move for a detention hearing, or the judicial officer may hold a hearing on his own motion, in a case where the defendant presents a serious risk of flight or a serious risk that the defendant will either attempt to obstruct justice or attempt to threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (f)(2)(B). Because the new charge against defendant Bonanza involves a crime of violence, the issue of detention is properly before the court.

The ultimate question is whether there are any conditions or combination of conditions that will ensure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The Government has the burden of proving risk of flight by a preponderance of the evidence and proving danger to the community by clear and convincing evidence. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995)(danger); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987)(risk of flight). The factors to be considered include the nature and circumstances of the offense charged; the weight of the evidence; the personal circumstances of the defendant; and the nature and seriousness of the risk to the community that would be posed by the defendant's release.. *United States v. Mikula*, 05-CR-144S, 2006 U.S. Dist. LEXIS 89711, *5 (W.D.N.Y. Dec. 10, 2006)(citing 18 U.S.C. § 3142(g)).

Regardless of whether defendant is released or detained after the hearing, the

statute provides that a hearing may be reopened ***at any time before trial*** if the court finds that information exists that was not known to the movant at the time of the hearing ***and*** that has a material bearing on the issue of whether there are appropriate conditions of release that will ensure both the return of the defendant and the safety of the community. 18 U.S.C. § 3142(f).

At the detention hearing, Government counsel argued that notwithstanding defendant Bonanza's release by Magistrate Judge Peebles, this court should detain the defendant based on the new charges and based upon information received by Special Agent Robert DeSantis of the Federal Bureau of Investigation (FBI). In his affidavit to the court in support of detention, Special Agent DeSantis states that after this defendant's release on conditions by Magistrate Judge Peebles, defendant Bonanza contacted an individual who the defendant believed was an Government informant and threatened this individual and the individual's family.[1] At the detention hearing, Special Agent DeSantis stated that this individual contacted him, but that he had no prior relationship with this person.

At the hearing, Government counsel also presented much of the same information that was before Magistrate Judge Peebles, including a recorded conversation between defendant Bonanza and a cooperating witness in which defendant Bonanza is heard to threaten the cooperating witness with physical harm.

---

[1] Government counsel stated that this individual was not a witness for the Government in any event.

4

The transcript of the recording was considered by Judge Peebles, but this court heard the entire recorded conversation during the detention hearing. Government counsel argues that new evidence shows that this defendant is a danger to the community and should be detained.

Defense counsel argued that his client should not be detained and that the Government has not shown that defendant Bonanza is a danger to the community by the required clear and convincing evidence. Defense counsel argued that the information proffered by the Government was before Judge Peebles when he decided to release defendant Bonanza. Defense counsel also argued that his client's behavior on pre-trial release is strong evidence showing that there are conditions upon which release may be based. Counsel pointed out that the new charges were based on conduct occurring ***prior to the defendant's arrest and release on the original charges***. Thus, the defendant would not be subject to revocation of release based upon criminal conduct committed while on release. *See* 18 U.S.C. § 3148.

Defendant Bonanza also denies having contacted anyone to threaten him or her. Defense counsel argued that without knowing who the individual is or when he or she alleges that the contact occurred, it is difficult to present any evidence to the contrary. Defense counsel also argued that the Government has the burden of showing danger to the community by clear and convincing evidence, and that this information does ***not*** rise to the level of clear and convincing evidence. Finally, defense counsel argues that

the threatening of a witness would have been grounds to ask Magistrate Judge Peebles to revoke defendant's release and could have formed the basis for an additional charge.  Government counsel has neither requested revocation from Judge Peebles, nor has the Government charged defendant with the substantive offense.

This court agrees with defense counsel that the Government's new information regarding the alleged threat *as presented at the detention hearing* does not rise to the level of *clear and convincing evidence* that this defendant poses a danger to the community that no conditions of release can overcome.  The only evidence is that an anonymous individual with which the agent had no prior relationship, contacted Agent DeSantis and related the alleged threat.  Although the Government can proceed by proffer in detention hearings, this evidence is not sufficiently detailed to satisfy the basis for detention.

This is particularly so because this defendant has otherwise complied with every condition of release that was imposed by Judge Peebles.  A consideration of all the other factors leads this court to find that the defendant may be released on same conditions upon which he was released by Judge Peebles.  The ultimate question that this court must answer, regardless of the additional charges or information, is still whether there are any conditions or combination of conditions that will ensure the defendant's return to court and the safety of the community.

By this decision, the court does *not* wish to minimize the concern for any

prospective witness's or any other individual's safety. The statutes protecting against witness intimidation and harassment carry severe penalties upon conviction. *See e.g.* 18 U.S.C. §§ 1512, 1513. Thus, if the Government has more specific information regarding any alleged threats,[2] it may apply for revocation of the defendant's release under 18 U.S.C. § 3148 or for reopening of the release decision under 18 U.S.C. § 3142(f).

As stated above, the court listened to the entire recorded conversation in which defendant Bonanza was threatening another individual. Although the transcript of the conversation was also before Judge Peebles, and defense counsel states that defendant was reacting to a threat of violence against his father,[3] this court is still concerned that the content and the tone of the conversation is indicative of this defendant's propensity and willingness to react with extreme violence to any situation.

***Defendant is hereby on notice that any action by him that appears to be a threat against any person that is connected to this case or any other individual will bring him back to court with his liberty at stake.*** This is true whether the conduct is a direct threat or whether the threat or harassment is ***indirectly caused by the defendant***, even if the defendant does not contact the individual himself. If necessary, the

---

[2] The Government would not be prevented from initially presenting *in camera* information regarding the danger to any witness or other individual.

[3] This is distinguished from the Government's allegation that the threat was connected to the matters being investigated in this criminal action. This court makes no specific finding regarding this issue.

Government may request that any evidence in this regard be designated "for attorney's eyes only" or "in camera," if retaliation is a concern.[4]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the Government's motion for detention of defendant Bonanza is **DENIED WITHOUT PREJUDICE**, and it is

**ORDERED**, that defendant Bonanza may be released on the same conditions upon which he was released by Magistrate Judge Peebles,[5] and it is further

**ORDERED**, that the Government may propose any additional conditions that it deems appropriate.

Dated: December 19, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[4] The Government's submission appears to support a concern for retaliation based on defendant's association with other defendants in this case.

[5] The release conditions will be stated in a separate order that must be signed by the defendant.